# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin A Brook, | No. CV-18-01530-PHX-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| J Lawrence McCormley, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Maria S. Davila. (Doc. 25) In the Report and Recommendation, Magistrate Judge Davila recommends that Defendants' Motion to Dismiss (Doc. 13) be granted and that this action be dismissed without prejudice. Plaintiff filed a timely objection.[1]

Rule 7.2 (e)(3) of the Local Rules of Civil Procedure for the District of Arizona states "Unless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."[2] A review of the record does not show that the Court permitted any extension of this page limit. Limits, such as these, are intended to encourage litigants to use their and the Court's resources efficiently. *See In re MacIntyre*, 181 B.R. 420, 422 (B.A.P. 9th Cir. 1995), *aff'd*,

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

[2] The Court notes that even in the Northern District of Illinois, where Plaintiff's counsel practices, objections to report and recommendations are limited to 15 pages absent prior approval. LR 7.1.

77 F.3d 489 (9th Cir. 1996), *and aff'd*, 79 F.3d 1153 (9th Cir. 1996) (ordering monetary sanctions for attempts to circumvent page limits as "page limits are important to maintain judicial efficiency and ensure fairness to opposing parties"); *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM, 2012 WL 175071, at *1 (E.D. Cal. Jan. 20, 2012) (explaining how page limits help to preserve a court's resources). In Plaintiff's objection, Plaintiff correctly states, "[d]etailed background facts are provided in the Complaint, the parties' memoranda supporting and opposing dismissal, and in the Magistrate's Report." (Doc. 26 at 3.) Plaintiff then devotes four-and-a-half pages to the background of the claims and two-and-a-half pages on "The Proceedings to Date." Plaintiff even spends a paragraph speculating on, and erroneously asserting, the motives of this case's transfer to Judge Soto. For the sake of accuracy and clarity, this matter was transferred to Judge Soto, not to the Tucson Division as asserted in the objection. If this matter had gone to trial it would have taken place in Phoenix. Further, it was not transferred due to a conflict of interest or a recusal; this is baseless speculation on the part of Plaintiff, which only serves to waste valuable space in his limited objection. Plaintiff also questions why this case was referred to different magistrates once with Judge Soto; the Court will explain. Magistrate Judge Bernardo P. Velasco retired at the end of March 2019 and his cases were transferred prior to his retirement. Sometime later, Magistrate Judge Maria S. Davila was appointed as a full time United States Magistrate Judge for the District of Arizona to replace Magistrate Judge Velasco and eventually received most, if not all, of his cases. (*See* GO 19-08).

Plaintiff does not present any meritorious argument for the Court to consider, especially not in the first ten pages[3] of the objection. As the Court finds that the Report and Recommendation appropriately resolved Defendant's Motion to Dismiss (Doc. 13), the objections are denied.

---

[3] The Court acknowledges that Plaintiff also moves for certification to the Arizona Supreme Court. The local rules provide a limit of seventeen pages for motions. LRCiv 7.2(e)(1). This motion or argument should have been presented to the Magistrate. The Court will not provide Plaintiff a second bite at the apple. *See Friends of the Wild Swan v. Weber*, 955 F. Supp. 2d 1191, 1194 (D. Mont. 2013), *aff'd*, 767 F.3d 936 (9th Cir. 2014). There is no explanation as to why Plaintiff could not bring all arguments before the Magistrate. Therefore, the Court will not consider the novel arguments put forth by Plaintiff and will treat the filing solely as an objection to the R+R.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Magistrate Judge Davila's Report and Recommendation (Doc. 25) is accepted and adopted.

(2) Defendant's Motion to Dismiss (Doc. 13) is granted.

(3) This case is dismissed without prejudice.

(4) The Clerk of the Court shall enter judgment and close this case.

Dated this 11th day of October, 2019.

Honorable James A. Soto
United States District Judge